

RAINONE
COUGHLIN
MINCHELLO
ATTORNEYS AT LAW

Louis N. Rainone
Craig J. Coughlin*
David L. Minchello
Ronald H. Gordon
Carol A. Berlen
Brian P. Trelease*
Matthew R. Tavares*
Michael R. Burns ✦
Christopher D. Zingaro
John P. Harrington
Harlynne A. Lack*

Marguerite Schaffer
Of Counsel

Frank J. Dyevoich*
Lonnie J. Hinton, Jr.,
Aaron L. Rainone
Michael M. Wuest*
Scott A. Aitken, Jr.
Alexander M. Avellan
Sarah Fitzpatrick
Raymond Stine
Douglas Angoff

*  Also admitted in New York
Δ Also admitted in DC
✦Also admitted in Pennsylvania

Prichardson@NJRCMLAW.com

555 US Highway One South, Suite 440
Iselin, New Jersey 08830
732-709-4182 (P)
732-791-1555 (F)

150 Morristown Road, Suite 105
Bernardsville, NJ 07924
908-953-9300 (P)
908-953-2969 (F)

**Please Respond to Iselin Office**

May 21, 2026

<u>**VIA ECOURTS**</u>
Honorable Jose R. Almonte, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room PO 8
Newark, NJ 07101

RE:    **Carlton Brathwaite v. Township of Edison, et al.**
       **Docket No.: 2:24-cv-08910**
       **Our File No.: 15-0051**

Dear Judge Almonte:

As Your Honor may be aware, this office represents the interests of the Township and Police Department ("Township Defendants"). This letter is submitted as a status update in advance of the upcoming conference and to respectfully bring a discovery issue to the Court's attention.

At present, the only outstanding discovery issue concerns Plaintiff's medical records. Plaintiff has asserted claims for both physical and emotional injuries; however, the Township Defendants have not yet received the relevant medical records necessary to evaluate those claims. Notably, pursuant to this firm's correspondence dated March 6, 2026, there remain four outstanding medical records requests to providers identified by Plaintiff. As of the date of this letter, the Township Defendants are only in possession of records produced by Atlantic Health System and an invoice from St. Peter's Hospital.

The production of the remaining records is essential to allow Defendants to assess the alleged injuries, determine whether expert medical testimony will be required, and appropriately prepare for depositions. Without the underlying medical documentation, Defendants are unable to

#2011499 v1

meaningfully proceed with expert retention or conduct deposition testimony concerning Plaintiff's alleged damages.

Importantly, Defendants do not contend that the issue regarding the medical records is attributable to Plaintiff. Plaintiff provided executed HIPAA authorizations for all providers known to Defendants. However, of the six providers identified, only the aforementioned providers have produced responsive records to date. Accordingly, Defendants intend to subpoena the four outstanding providers to obtain the requested records.

As an aside, since the parties' last status letter, Plaintiff has propounded additional discovery requests upon Defendants, including supplemental requests for production of documents, requests for admissions, and a deficiency letter. Defendants have responded to the requests for admissions. Counsel is presently working with the Township and Police Department to obtain responsive information and documents pertaining to the remaining supplemental discovery requests.

Based on the foregoing, while there is no substantive dispute between the parties regarding the production of discovery materials, key items of discovery remain outstanding, most notably the outstanding medical records. These records are essential to the parties' evaluation and litigation of this matter and must be obtained before the parties can meaningfully proceed with expert discovery and depositions.

We thank you Honor for your attention to the within.

Respectfully submitted,

/s/    Palmer J. Richardson
Palmer J. Richardson, Esq.

Cc:    Tyrone A. Blackburn, Esq, (*via ECF*)
Lori Dvorak, Esq. (*via ECF*)

#2011499 v1